McAdam, C. J.
The case discloses two errors by the trial judge, one in charging the jury that a renewed promise or acknowledgment would take the case out of the statute of limitation, there being, no written promise or acknowledgment (Code, § 395), and the other in admitting the city directory as proof of the defendant’s place of business in 1871 and 1872. There is no rule making a directory evidence per se. The accuracy and reliability of such publica-. tians depend entirely upon the source from which the information it contains was obtained. The statement in the directory was unverified, and no attempt was made to show by whose or by what authority the name and address of the defendant appeared, or how, when, where, from what, from whom or by whom the information was obtained so as to connect the defendant with the publication or even charge him with knowledge of it. Evidence of this sort must be considered as mere hearsay, and as such is of an unreliable' character.
Matters alleged in historical, professional, statistical or scientific books, not of a general and public nature, and concerning only individuals or local communities, when relevant to an issue, must be proved as other facts; that is to say, they must be verified- by oral evidence showing their reliability. Harris v. Panama Co., 3 Bosw., 7; McKinnon *277 v. Bliss, 21 N. Y., 215; Whelan v. Lynch, 60 id., 496; Caldwell v. National Bank, 64 Barb., 333; Greenl. Ev., sec. 440, note; Downs v. N. Y. Central RR. Co., 47 id., 83; Morris v. Harmer’s Estate, 7 Peters, 554.
Eor these errors the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Nehrbas, J., concurred.